GALLIER
*vs.*
JONAU, F. M. C.

GALLIER *vs.* JONAU, F. M. C.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE
BUCHANAN PRESIDING.

Where an architect enters into a written contract, in a penalty, to erect a block of brick stores and dwellings, *within three months after the granite is put up,* and with the knowledge of a contract between the owner and another person to put up the granite : *Held,* that the epoch when the last granite sills were set, is to be considered the time when the three months began to run, and not when the basement story was completed.

The putting up of the granite windows and doors, cannot be excluded from the contract, but must be considered a part of it, when not expressly reserved by the parties.

This is an action to recover the balance due on a building contract.

The plaintiff is an architect, and entered into a written contract with the defendant, to build a block of brick stores and dwelling houses, in the city of New-Orleans.  He alleges, the buildings are completed, and that there is a balance due him of eight thousand seven hundred and twenty-four dollars, according to an account annexed, for which he prays judgment.

The facts of the case are detailed in the following opinion of the district judge.

"The plaintiff credits defendant with forty-four days demurrage in the completion of the work, at thirty dollars per day ; the defendant claims one hundred and nine days demurrage.

" The solution of this point depends upon the construction of the following clause in the contract :

" ' The said undertaker binds himself to deliver said buildings, finished and complete, keys in hand, three months after the granite which is to be furnished by the said Jonau shall have been put up ; and in case of delay on his part, to pay, as a penalty, to the said Jonau, his heirs and assigns, the sum of thirty dollars for each and every day of delay.'

" The granite thus to be furnished is described in a contract between the defendant and Newton Richards, which is in evidence. It consisted of posts, &c. for the first floor of the block of buildings, together with sills for the whole of the windows in front, being seventy-five in number.

" In said contract, Mr. Richards engages to set all the granite mentioned therein, to wit : the granite for the stores in front, to be set in all the month of December, 1836, and the door sills and window sills to be set as the walls are carried up ; the payment is to be made in full when the whole is set complete, to the satisfaction of the plaintiff in the present suit.

" From a comparison of this contract between the defendant and Richards, with the clause above recited, it is clear enough to my mind, that the three months allowed for the completion of the work commenced running, when the last window sill was put in its place. The defendant, however, contends, that the demurrage should count from the erection of the pillars in the first story. The only argument on which he founds such an assumption is, that the plaintiff could not have progressed with his work, before the granite of the ground flour was set up, but that the setting of the lintels and window sills, depended upon the progress which the plaintiff should make in building the walls, by which he might retard the placing of these pieces of granite at his pleasure. This, it strikes me, is a consideration that should have presented itself to Mr. Jonau, before signing the contract. I am rather inclined to think, apart from the internal evidence of the contract, that the intention of the parties was not what was urged by defendant's counsel, for several wit-

nesses prove, that it would have been impossible to have completed the house in three months, from the placing of the granite of the first story.

"But though the construction of this clause of the contract be not properly a matter of testimony, several witnesses have been examined to the point. Their testimony varies somewhat, but in general they consider that the builder's obligations are governed by the terms of his contract.

"There is a credit of one thousand dollars claimed by defendant, for a sky-light, which is mentioned in the contract, but was not made by plaintiff, who put in place of it what is technically called a *borrowed* light. It is unnecessary to go into an examination of the testimony respecting the difference in the value of the two lights, inasmuch as the witness Collins proves, that this deviation in the plan was made with defendant's entire concurrence, and after consulting him.

"The answer moreover states, that the buildings were received by defendant on the 25th July, 1837. This suit was brought on the 1st September, the answer was filed on the 1st of November, 1837, and on the principle of the decision in 11 *Louisiana Reports,* 245, *Mitchell* vs. *Curell,* this last objection comes too late.

"It is, therefore, ordered, adjudged and decreed, that James Gallier recover of Antoine Jonau, f. m. c., five thousand eight hundred and seventy-four dollars and twenty-six cents, with legal interest from the first of September, 1837, until paid, and costs of court."

The defendant appealed.

*G. B. Duncan,* for the plaintiff.

*Pichot,* for the defendant and appellant.

*Rost, J.,* delivered the opinion of the court.

This is an action instituted upon a contract for building.

**312**      CASES IN THE SUPREME COURT

The defendant admits the contract, but claims various offsets for work not done by the plaintiff, and also damages for the non-delivery of the building at the time stipulated. The District Court gave judgment in favor of the plaintiff, for the balance claimed by him, and the defendant appealed.

The only question upon which the judgment is attempted to be reversed, arises from this clause found in the contract.

"The said undertaker, (meaning the plaintiff,) binds himself to deliver said buildings finished and complete, keys in hand, three months after the granite, which is to be furnished by the said Jonau, shall have been put up, and in case of delay on his part, to pay as a penalty to the said Jonau, his heirs and assigns, the sum of thirty dollars for each and every day of delay."

The contract made for the putting up of the granite between the defendant and one Richards, is also in evidence.

*Where an architect enters into a written contract, in a penalty to erect a block of brick stores and dwellings, within three months after the granite is put up, and with the knowledge of a contract between the owner and another person to put up the granite: Held, that the epoch when the last granite window sills were set, is to be considered the time when the three months began to run, and not when the basement story was completed.*

It embraces posts and sills for the basement story, together with sills and lintels for all the windows in front, being seventy-five in number. Richards engages to put up the basement story in all the month of December, 1836, the door and window sills to be set as the walls are carried up. The basement story was put up on the 7th January, 1837; the last window sills were set in on the 11th March following; the plaintiff considering this epoch as the time from which the three months allowed him to complete the contract were to run, admits that he was in default from the 12th of June to 25th July, on which day the delivery took place, and he has accordingly charged himself in his account with thirty dollars per day for forty-four days. The defendant contends, that the delay of ninety days commenced on the 7th of January, when the basement story was completed, and that he is entitled to a deduction of thirty dollars per day for one hundred and nine days.

A great number of witnesses were examined in the District Court, without opposition upon the construction which should be put upon such a contract; and their testimony is contradictory; that of Richards, who furnished the granite, appears to us, from the circumstances in which he was

placed, the most important. He says that, in his opinion, it would not have been safe to put up the building within three months after the basement story was finished; he further stated, that in some former cases, where he had put up granite for the plaintiff, there was a misunderstanding between them as to witness's obligation to put up the window sills and lintels. In this case, all misunderstanding was intentionally avoided by a positive stipulation in the contract, that this granite, as well as the basement story, should be put up by the witness. Other witnesses state, that it would have been impossible to complete the building within the time contended for by the defendant. The putting up of the granite of seventy-five windows and doors, cannot be excluded from the contract by us, without an express reservation to that effect by the parties; we are satisfied from all the evidence, that no such reservation was intended.

We concur in opinion with the district judge, that the three months allowed for the completion of the building commenced to run on the 11th March, 1837, after the last window sill was set. As the plaintiff has allowed the stipulated damages from that day to that of the delivery, we are dispensed from inquiring whether he was regularly put *in mora;* the case appears to us a hard one for him, upon his own admissions.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.